I concur in the majority's result and rationale. I write separately only to take exception to the majority's position that Fisher v. Owens Corning Fiberglass Corp., supra, stands for the proposition that oral statements are inadmissible in all circumstances to establish the existence of an implied contract. The trial court and the majority represents thatFisher stands for the proposition that oral representations may not be considered pursuant to Mers v. Dispatch PrintingCompany, supra.
The language at issue, in Fisher, provides as follows:
 Appellant relies upon oral representations made by OCF Manager Bill Vahl in support of his claim that his at-will employment status had been modified. Only the Wright case specifically states that such oral representations made by supervisors are to be considered. However, as noted above, we find that such statements, on their own, do not fall within the category of evidence we may consider pursuant to Mers. Further, appellant has failed to set forth evidence pursuant to Mers which would create a genuine issue of material fact and therefore survive summary judgment. Fisher at 4.
Nothing in the above language indicates that oralrepresentations are inadmissible in all circumstances. Although the language might have been drafted more clearly on this issue, the above paragraph stands for the proposition that the oral representations made by the supervisor, in Fisher, did not fit into the categories of evidence set forth in Mers. The Mers
case dealt with oral representations as well as other evidence and concluded the trier of fact should review the history of relations between the employer and employee and the facts and circumstances surrounding the employment relationship. Mers at paragraph two of the syllabus. These "facts and circumstances" include the character of the employment, custom, the course of dealing between the parties, company policy, or any other fact which may illuminate the question * * *." Id.
We did not address the application of oral representations to implied contracts of employment, as discussed in Wright v.Honda of America Man., Inc., supra, because there was no syllabus law in Wright. As we stated in Fisher, "* * * pursuant to S.Ct.R.Rep.Op. 1(B) we are bound by the law as set forth in the Mers case because '[t]he syllabus of the Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the Court for adjudication.' " Fisher at 3. In theWright case, although not a majority opinion, there are areas of commonality on the issue of admissibility of oral representations pertaining to implied contracts. The justices agree '* * * facts relevant to whether there was an employment contract * * * are those facts concerning a specific term or condition of employment * * *' Fisher at 3, citing Wright at 577.
In Fisher, we chose to follow the categories of evidence contained in Mers based on the concept of syllabus law. Certainly, this Court can extend the current syllabus as long as the Ohio Supreme Court has not written on the issue otherwise. The Ohio Supreme Court, in Mers, did not prohibit the use of oral representations as applied in the case subjudice. I have no doubt, based on the Wright case, that if this issue goes before the Ohio Supreme Court, the Court will approve the use of oral representations as applied to "facts concerning a specific term or condition of employment" which I believe exists in this case.
Therefore, I concur in the decision and rationale, but take exception to the necessity of reversing our holding in theFisher case.
 --------------------- JUDGE JOHN W. WISE
For the reasons stated in the Memorandum-Opinion on file, the summary judgment of the Richland County Common Pleas Court on the issue of promissory estoppel is affirmed. The summary judgment of the Richland County Common Pleas Court on the issue of implied contract is reversed. This case is remanded to that court with instructions to consider the issues under the law as set forth in the instant opinion, rather than on this court's prior decision in Fisher vs. Owens Corning Fiberglass (1996), Licking App. No. 95CA100, unreported. Costs are to be divided equally between appellant and appellees.
-------------------
-------------------
 ------------------- JUDGES